(91 South. 205)

No. 25112.

**JOHNESS v. STOULIG, Registrar of Voters.**

**In re JOHNESS.**

(Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Prohibition** ⬅️22—**Application showed no service of notice as required by Supreme Court rule 15.**

In application for writ of prohibition; facts *held* not to show service of the notice required by Supreme Court rule 15 (136 La. xii, 67 South. xi) or excuse for failure to serve notice.

2. **Prohibition** ⬅️13—**Denied as involving only moot question.**

Where, in suit to enjoin registration of voters, plaintiff's motion to recuse the judge

[1] Ante, p. 737.

was not first determined as requested, and the injunction hearing presented only a moot question, because the preliminary injunction had secured plaintiff the relief sought by preventing registration on the dates named, on denial of injunction, plaintiff was not entitled to prohibition to prevent further proceedings.

Suit for injunction by Allen H. Johness against Edward Stoulig, Registrar of Voters. Suit dismissed, and on plaintiff's application to a justice of the Supreme Court for writs of prohibition and certiorari alternative writ of prohibition issued, and rule to show cause granted. Alternative writ and rule to show cause recalled, and proceeding dismissed.

L. H. Gosserand, of New Orleans, for relator.

Ernest M. Conzelmann and C. A. Buchler, both of Gretna, for respondent.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. The relator brought suit in the district court to prevent the registrar of voters from establishing an office and from registering voters at certain designated places in the Seventh and Eighth wards of the parish of Jefferson on the dates when, according to the published notice given by the registrar, he intended to establish an office and to register voters at the places mentioned. A preliminary injunction was issued, which prevented the registering of voters and the establishing of an office at either of the places referred to.

When the case was called for trial, plaintiff filed a motion to recuse the judge who had issued the writ of injunction, averring that he and the only other judge of that judicial district were disqualified by the fact that they had signed a petition for the recall of plaintiff as state senator, and that both judges were personally interested in the outcome of the injunction suit. It appears that the judge to whom the motion for recusation was addressed declared that the allegations of the motion were not true, and that he would not consider the motion unless plaintiff or his attorney would furnish an affidavit or state under oath that the allegations were true, which demand on the part of the judge was not complied with. By consent of plaintiff and defendant, however, the motion for recusation was fixed for a hearing at a later date. Thereupon defendant's attorney insisted upon an immediate trial of the rule to show cause why the writ of injunction should not be made perpetual; to which rule he had filed an exception. Plaintiff's attorney objected to trying the case, on the ground that his motion to recuse the judge should be finally disposed of first. The objection was overruled, and defendant's exception to the rule to show cause why the injunction should not be made perpetual was then heard and sustained, and the suit was therefore dismissed.

[1, 2] On the petition of plaintiff one of the justices of this court issued an alternative writ of prohibition, prohibiting the judge and the defendant in the case from proceeding further in the cause until the further orders of this court, and at the same time ordered the judge and the defendant to show cause why the writ should not be made peremptory and perpetual.

The respondents have moved to dismiss the proceedings, on the ground, primarily, that relator did not comply with rule 15 of this court (136 La. xii, 67 South. xi), requiring that notice should have been given to the trial judge and to the defendant of relator's intention to invoke the supervisory jurisdiction of this court, and requiring that service of such notice should have been shown by an affidavit of relator or his attorney. Respondents also show that, when the case was tried in the district court, it presented only moot questions, because the preliminary writ of injunction had already

prevented the registering of voters or the establishing of a registration office on the dates mentioned in the writ, and that plaintiff had therefore obtained all of the relief that he had asked for.

In his petition in this court for writs of certiorari and prohibition plaintiff averred that he had given notice to the judge of his intention to apply for the writ, and that he had attempted to dictate the notice to the court stenographer, but that the judge would not allow the stenographer to take down the dictation. Relator did not aver that he had served any notice upon the defendant, registrar of voters.

Respondents deny that relator gave any notice, either to the respondent judge or to the defendant, registrar of voters, of an intention to apply to this court for the exercise of its supervisory jurisdiction; and they deny that relator attempted to dictate such notice to the court stenographer. They aver that what relator's attorney attempted to dictate to the stenographer was the attorney's answer to the argument made by defendant's attorney, when the case had been tried. They aver that the only semblance of the required notice given by relator's attorney was his statement made after the trial of the case "that he knew how to protect himself."

There was nothing to prevent the service of the required notice upon the trial judge and the defendant in the case. Under the circumstances we feel constrained to accept the statement of the respondents that the required notice was not served upon defendant. Besides, it is apparent that when called for trial in the district court the case presented only moot questions.

The alternative writ of prohibition, and the rule to show cause why it should not be made peremptory and perpetual, are recalled, and this proceeding is dismissed, at the cost of relator.